McDonald v. Barr

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand twenty.

PRESENT:
>ROBERT A. KATZMANN,
>*Chief Judge,*
>PETER W. HALL,
>RICHARD J. SULLIVAN,
>*Circuit Judges.*

———————————————————————————

Cornelio D. McDonald,

>*Plaintiff-Appellant*,

>v.                                                                                      18-3402-cv

William P. Barr, United States Attorney General,
John Vagelatos, Assistant United States Attorney,

>*Defendants-Appellees*.

———————————————————————————

FOR PLAINTIFF-APPELLANT:          Cornelio D. McDonald, *pro se*, Fresh Meadows, NY.

FOR DEFENDANTS-APPELLEES:          Varuni Nelson, Kathleen Anne Mahoney, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dearie, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Cornelio D. McDonald, proceeding *pro se*, appeals the district court's grant of summary judgment to Defendants-Appellees. McDonald brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking records from Defendants-Appellees showing his "reinstatement" to his job with his former employer, the United States Postal Service ("USPS"). McDonald had previously sued the USPS for employment discrimination and asserts that during oral argument of his appeal in that case, Defendant-Appellee Vagelatos had admitted that those records existed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment de novo. *Ctr. for Constitutional Rights v. CIA*, 765 F.3d 161, 166 (2d Cir. 2014). "In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search [for requested documents] was adequate." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994); 5 U.S.C. § 552(a)(4)(B). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search . . . are sufficient to sustain the agency's burden." *Carney*, 19 F.3d at 812 (footnote omitted). "[A]n agency's search need not be perfect, but rather need only be reasonable." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999). To establish the adequacy of a search, "agency affidavits must be . . . relatively detailed and nonconclusory, and . . . submitted in good faith." *Id.* at 488-89 (internal quotation marks omitted). Moreover, affidavits submitted by an agency are "accorded a presumption of good faith." *Id.* at 489 (internal

quotation marks omitted). This presumption "cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Id.* (internal quotation marks omitted). Instead, "something more than . . . bare allegations is needed." *Carney*, 19 F.3d at 813.

The affidavits submitted by Defendants-Appellees in the district court show that the U.S. Attorney's Office conducted a reasonable search for documents responsive to McDonald's request, including by contacting Vagelatos, reviewing the oral argument recording, and seeking clarification from McDonald about his request. McDonald failed to rebut that evidence with any specific evidence showing that the documents he sought existed or that the defendants acted in bad faith. Instead, to support his claim that the documents exist, McDonald relied solely on his apparent misunderstanding of Vagelatos's statements at oral argument, and his speculation that USPS must have created such documents. But Vagelatos clearly stated that McDonald was not reinstated to work at USPS and nowhere stated or implied that there were records of such a nonexistent reinstatement. And McDonald's speculative arguments that the USPS should have created such documents in response to an arbitrator's decision are insufficient to rebut the presumption of good faith that attaches to Defendants-Appellees' affidavits. *See Grand Cent. P'ship*, 166 F.3d at 489.

Finally, although McDonald states that he is not attempting to relitigate his discrimination claims, to the extent he does so, those claims are barred by the doctrine of *res judicata*, also known as claim preclusion, which states that "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks omitted).

We have considered all of McDonald's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3